No. 7914

First Circuit Appeal

---

LEWIS GOTTLIEB v. FRANK M. REX

---

(June 30, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Landlord and Tenant Par. 1, 43; Obligations—Par. 76.**

Agreements legally entered into have the effect of laws on those who have formed them. They must be performed with good faith. Therefore, where a lease or agreement especially stipulates that the lessee shall engage in a retail grocery business and no other business shall be allowed, the lessee violates his contract by selling lunch, coffee and cold drinks on the premises.

2. **Louisiana Digest—Customs and Usages —Par. 9.**

There is no custom which includes the sale of lunch, coffee and cold drinks as a part of a retail grocery business.

Appeal from the Twenty-second Judicial District, Parish of East Baton Rouge, Hon. W. Carruth Jones, Judge.

This is a suit to enjoin the defendant from violating a lease or agreement and compel him to pay attorney's fees.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellee.

W. O. Watson and C. A. Holcombe, of Baton Rouge, attorney for defendant, appellant.

ELLIOTT, J. The plaintiff, Lewis Gottlieb, leased to defendant, Frank M. Rex, the property described in plaintiff's petition, by written act of lease, containing the following agreement:

"It is agreed and understood by the parties hereto, that the business to be carried on by said tenant in said leased premises, is that of the retail grocery business, and that no other business shall be conducted on said leased premises during the term thereof or during the term of the renewal, if there be a renewal; except that of the retail grocery business, except with the written consent of the said Gottlieb."

He alleges that the defendant has violated this agreement by conducting in said building "lunch, coffee and cold drinks stands".

That said lunch, coffee and cold drink stands conducted in said premises, are in violation of the agreement, and prays that defendant be enjoined from violating the agreement and compelled to pay attorneys' fees, etc. A certified copy of the lease is annexed to and made part of his petition.

Defendant for answer admits that he is operating in the building lunch, coffee and cold drink stands, but he claims that the coffee and cold drink stands do not violate the agreement because such stands are, by custom, part of the retail grocery business. As for the lunch stand, he admits that, technically, same is a violation of the strict letter and terms of the agreement; but contends that plaintiff is estopped from setting up the violation, for reasons set forth in the answer, and claims attorneys fees against the plaintiff.

When the case was called for trial on the merits, November 25, 1924, the plaintiff offered in evidence the lease sued on and rested.

The defendant offered no evidence.

The case was submitted to the court on briefs to be filed in ten days.

On December 15, 1924, defendant, by motion, informed the court that he had not offered evidence in support of the custom and estoppel alleged in his answer, on the ground that his counsel was under the impression that his allegation of fact was admitted by plaintiff; but discovering otherwise, he moved to re-open the case and to be permitted to offer evidence in support of his averments.

The court heard evidence on the subject, overruled the motion and rendered judgment in favor of the plaintiff as prayed for on the merits of the case.

On January 19, 1925, defendant moved for a new trial on the ground of newly discovered evidence important to the case, which he could not, with due diligence, have obtained before the trial.

The new evidence alleged to exist is set up in the motion and purports to be evidence in support of the estoppel and custom alleged.

The court heard evidence on the motion for new trial and overruled it. Defendant appealed.

We have considered the brief and authorities urged in behalf of same. We find that the defendant has had his day in court; there was no wrongful practice, advantage or just ground for complaint on the part of the defendant.

As for the merits of the case, defendant admits that the lunch stand violates the agreement. There is no evidence to support the estoppel alleged against plaintiff, nor in favor of the custom claimed to exist, according to which coffee and cold drink stands are part of a retail grocery business. We are not willing to assume that such is the case.

"Agreements legally entered into have the effect of laws on those who have formed them.

"They cannot be revoked unless by the mutual consent of the parties or for causes acknowledged by law. They must be performed with good faith." Civil Code Arts. 1901 and 1945.

The judgment appealed from is correct.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.